IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                              CASE NO.  4:06CR00105 JMM

JOSEPH BAUER JACKSON                                                                          DEFENDANT

## ORDER

Pending before the Court is defendant's Motion to Dismiss Indictment for Speedy Trial Violations.  For the reasons stated below, the Motion is denied (#368).

On September 5, 2007, defendant was charged in a Third Superceding Indictment with conspiracy to distribute more than 500 grams of methamphetamine.

Defendant's trial was originally scheduled for December 11, 2006.  On September 25, 2006, defendant filed a Motion for Determination of Mental Competence and on September 26, 2006 defendant filed a Motion for Continuance of the December trial date.

On October 2, 2006, the Court issued an Order directing defendant to undergo a mental competence evaluation.  The Order also stated that any delay resulting from the examination would be excluded under the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A), but that any time consumed in excess of ten days from the date of the Order until the time of defendant's arrival at the destination would be unreasonable as outlined in the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(H).

On October 3, 2006, the United States Marshall Service made a designation request for defendant's mental evaluation.

On October 10, 2006, the Court granted defendant's Motion for Continuance and rescheduled the trial for the April, 2007 date and noted that the delay from defendant's continuance motion would not be counted against the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A) and (h)(7).

On January 17, 2007, defendant filed this motion in which he stated that "according to the Marshal's Service, [defendant] remains incarcerated at Mason, Tennessee, without having ever been transported to a hospital for an evaluation."

Defendant contends that the delay of over three months in transferring him to a medical facility as ordered by the Court violates the Speedy Trial Act.     The Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of the filing of an indictment or of arraignment, whichever is later. *United States v. Degarmo*, 450 F.3d 360, 362 (8th Cir. 2006).

The government concedes that the failure to transport defendant was an unintentional oversight.  However, the government contends that the October 10, 2006 grant of defendant's Motion for a Continuance properly excluded the delay from the December trial date to the trial setting in April, 2007 from being counted under the Speedy Trial Act.  The Court agrees and finds that there has been no violation of the Speedy Trial Act.

The Court also finds that defendant's Sixth Amendment right to a speedy trial has not been violated as the delay has not been uncommonly long.  *See Id*. at 364-365 (to trigger a speedy trial analysis under Sixth Amendment, defendant must make initial showing that "interval

between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay.").

Finally, the government is directed to report to the Court within five days of the date of this Order defendant's current location and status.

IT IS SO ORDERED THIS   9   day of   February  , 2007.

                                                                        _____
                                                                        James M. Moody
                                                                        United States District Court